

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

July 24, 2018

By ECF
The Honorable Sanket J. Bulsara
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Latisha Sanders v. The City of New York, et al.,
            Civil Action No. 16-cv-6526 (Amon, J.) (Bulsara, M.J.)

Dear Judge Bulsara:

      This Office represents defendant United States in the above-referenced action. We write respectfully to request that discovery be stayed pending the resolution of the United States' motion to dismiss, and the August 10, 2018 initial conference be adjourned *sine die*. *Pro se* plaintiff does not consent. Co-defendants LiveOnNY and the City of New York, which are the only defendants to appear at this point, consent to the adjournment and stay.

      By way of background, on August 8, 2016, *pro se* plaintiff Latisha Sanders filed this action against defendants the City of New York, the State of New York, the United States, Fairhaven Memorial Chapel, Zinc Tech Lab, Dr. Aglae Charlot, Hammer, LiveOnNY, Correction Officer Morris from the City of New York Department of Investigation, Brookdale University Hospital, Margaret Chin, and the 67th Precinct of the New York City Police Department. Complaint, Dkt. No. 1 ("Compl."). While the nature of *pro se* plaintiff's complaint is difficult to discern, broadly construed, she arguably seeks redress for alleged violations of her constitutional rights based on the alleged: failure to notify her of her son's death; conspiracy to cover up his murder, including covering up his body and falsifying reports; failure to provide the DNA requested from defendant Margaret Chin's office; improper treatment of her son's body after his death; and improper use of her son's organs after his death. See generally Compl. As a result of the alleged conduct, *pro se* plaintiff seeks $560,000,000.00 for pain and suffering. Id., at p. 22 of 46. Without providing any details of the United States' alleged involvement in the conduct at issue, *pro se* plaintiff simply states in a conclusory fashion that she is suing "[t]he United States for the violation of [her] Constitutional Right and Civil Rights." Id., at p. 17 of 46.

      On June 27, 2018, the United States filed a pre-motion conference letter requesting dismissal of the claims against it pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because the claims are all barred by sovereign immunity, and she has failed to state a claim for any alleged constitutional or tort claim. See Dkt. No. 16. Importantly, this Court lacks subject-matter jurisdiction to entertain the purported claims because there is no waiver of

sovereign immunity authorizing *pro se* plaintiff to assert: (1) constitutional claims against the United States; or (2) tort claims against the United States without having exhausted her administrative remedies under the Federal Tort Claims Act. Id. In opposition, *pro se* plaintiff failed to address the government's jurisdictional arguments and improperly attempted to amend her complaint to now raise frivolous claims that high-level government employees, including Hillary Clinton, Loretta Lynch, and John Podesta, and government agencies were involved in the abduction and murder of her son as part of a child trafficking scheme involving ritual cult murder, and satanic and cannibalistic rituals, which resulted in her son being eaten at private parties held by these government officials. See generally, Dkt. No. 23. On July 10, 2018, Judge Amon authorized the United States, and LiveOnNY, which is the only other defendant to have served a responsive pleading at this stage, to serve its motion to dismiss by August 10, 2018.

The United States now moves for a stay of discovery during the pendency of the motion and for adjournment of the initial conference. Under Rule 26, a court can grant a stay of "discovery during the pendency of a motion to dismiss for good cause shown." Port Dock & Stone Corp. v. Oldcaster Ne., Inc., 2006 WL 897996, at *1 (E.D.N.Y. Mar. 31, 2006) (internal quotations omitted). Relying on Rule 26, district courts within the Second Circuit routinely stay discovery, or forego ruling on the propriety of discovery, while the court considers a dispositive motion regarding subject-matter jurisdiction. See Meisner v. Social Security Administration, 17-CV-3373-WKF-SMG, Order dated January 19, 2018 (granting motion to stay discovery while the court rules on motion to dismiss for lack of subject-matter jurisdiction); Hewitt v. U.S., 2011 WL 2419856 (S.D.N.Y. June 6, 2011) (simultaneously granting motion to dismiss for lack of subject-matter jurisdiction and denying as moot motion to stay discovery); FR 8 Singapore Pte. Ltd. v. Albacore Maritime Inc., 754 F. Supp. 2d 628 (S.D.N.Y. 2010) (simultaneously denying motion to dismiss for lack of subject-matter jurisdiction but also denying motion to compel discovery because proposed discovery was not relevant to matters of law that might still resolve case in its entirety); Picture Patents, LLC v. Terra Holdings LLC, 2008 WL 5099947 (S.D.N.Y. Dec. 3, 2008) (granting stay of discovery pending resolution of motion to dismiss for lack of subject-matter jurisdiction); Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery pending resolution of dispositive motion where court found defendants presented "substantial arguments for dismissal of many, if not all, of the claims in the lawsuit."); United States v. Cty. of Nassau, 188 F.R.D. 187, 188–89 (E.D.N.Y. 1999) (granting stay of discovery during the pendency of a motion to dismiss for lack of subject-matter jurisdiction where, among other factors, the "interests of fairness, economy and efficiency ... favor[ed] the issuance of a stay of discovery").

In determining whether a stay of discovery is appropriate, courts may consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Josie-Delerme v. Am. Gen. Fin. Corp., 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009) (staying discovery where defendant made strong showing that plaintiff's claims were unmeritorious, and even though defendant did not establish that it would be "unduly burdened" by having to respond to discovery demands, the court found that "resolution of the motion to dismiss may obviate the need for potentially onerous discovery," and there was no prejudice to plaintiff from a stay); Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (granting stay of discovery where defendants "raise[d] substantial issues with regard to many, if not all, of the causes of action, " "[b]y waiting until a decision is reached on the

pending motion, the areas of discovery may well be substantially reduced, if not eliminated," and plaintiff will not be prejudiced by stay). A stay is especially appropriate where the questions presented in any impending motion are purely legal questions, including challenges to a court's jurisdiction. See, e.g., Cty. of Nassau, 188 F.R.D. at 188 (citing Hachette Distribution, Inc. v. Hudson Cty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Here, as described more fully in the United States' pre-motion conference letter, a stay of discovery is appropriate because the United States' jurisdictional challenge presents purely legal questions and raises "substantial issues with regard to the viability of Plaintiff's complaint." Port Dock & Stone Corp., 2006 WL 897996, at *2 (granting motion for a stay); see also Cty. of Nassau, 188 F.R.D. at 188 (same); accord, Giminez v. Law Offices of Hoffman & Hoffman, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (staying discovery where defendants "present[ed] substantial reasons for why plaintiffs' complaints should be dismissed and may very well be successful in their motions."). Moreover, the United States' arguments based on *pro se* plaintiff's failure to state a claim do not involve any discovery because the arguments assume the truth of her factual allegations.

Against this backdrop, *pro se* plaintiff will not be prejudiced by a stay of discovery because the proposed motion would assume the truth of her factual allegations and present purely legal questions. As such, discovery would not be necessary to establish the truth of the allegations in the complaint and would not be relevant to the Court's decision on the dispositive motion.

Given the lack of prejudice to *pro se* plaintiff, the legal questions involving the Court's subject-matter jurisdiction over the claims at issue, and the government's meritorious arguments supporting dismissal, this Court should grant the motion to stay discovery. See, e.g., Port Dock & Stone Corp., 2006 WL 897996, *2 (granting stay of discovery because defendants' dispositive motion presented meritorious arguments and "plaintiffs ... failed to demonstrate that a stay of discovery would unfairly prejudice them[.]"); Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Thus, the Court should stay discovery until Judge Amon rules on the United States' motion to dismiss and adjourn the initial conference *sine die*.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney
        Eastern District of New York

By:   /s/Edwin R. Cortes
      EDWIN R. CORTES
      Assistant U.S. Attorney

cc: *Pro Se* Plaintiff (By U.S. Mail)

Attorneys for Defendants City of New York, LiveOnNY (By ECF)