UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LATISHA SANDERS,

                      Plaintiff,

       -against-                              **ORDER**
                                               16-CV-6526-CBA-SJB
JASON SHEPPARD
    *Fairhaven Memorial Chapel*,
DR. AGLAE CHARLOT
    *Medical Examiner Officer*,
LIVE ON NY ORGAN DONATION,
BROOKDALE UNIVERSITY HOSPITAL,
OFFICE OF CHIEF MEDICAL EXAMINER,
DETECTIVE ORTIZ,
ALTHEA COGGINS, R.N.,
SANDRA SICULAR, M.D.,

                      Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       Defendant LiveOnNY seeks a modification of its discovery stay so that it may participate in the depositions of co-defendants, against whom LiveOnNY has no claims and who have not raised a claim against LiveOnNY. (Mot. to Amend Disc. Stay, Dkt. No. 118). LiveOnNY's motion is denied; it may not participate in other parties' depositions. "The notions of putting things on hold (i.e., waiting) and striving to move things along are, of course, contrary positions." *Zamber v. Am. Airlines, Inc.*, No. 16-CV-23901, 2017 WL 5202748, at *1 (S.D. Fla. Feb. 17, 2017). Having opted for a stay of discovery, it has shielded itself from deposition or document discovery from Plaintiff. It cannot do so, while simultaneously seeking discovery to bolster its defenses to claims raised by the Plaintiff.

       LiveOnNY provides no explanation or basis for its participation other than supposed efficiency. The argument is specious. By piggybacking on Plaintiff's

deposition of co-defendants, LiveOnNY bears none of the costs of the court reporter and did not face the legal costs in moving to take discovery—as Plaintiff did weeks ago, for example, when she moved to lift the stay against Defendant Brookdale University Hospital to conduct a deposition. (*See* Mot. to Take Dep. dated Feb. 22, 2019, Dkt. No. 107). LiveOnNY thereby transfers the costs of the deposition to Plaintiff but bears none itself. LiveOnNY's participation also impinges on Sanders's ability to take seven hours of deposition, since LiveOnNY did not take the preparatory step of moving to extend the length of any depositions to accommodate its participation. If LiveOnNY wishes, it can move for a lifting of the stay of discovery that is mutual, and the Court will permit Sanders to depose its employees and LiveOnNY to participate in the ongoing depositions. Otherwise, it will have to wait until the Court resolves the pending motions to dismiss, and, should the case proceed against it, LiveOnNY will be given a full and complete opportunity to complete any discovery necessary to its case. Of course, if LiveOnNY wishes to obtain a copy of the transcript of the deposition, it may pay the fee to the reporter and do so. LiveOnNY's motion to participate in discovery and lift the stay for the limited purpose of participating in co-defendants' depositions is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara* May 3, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York