Clerk's Office
Filed Date: 9/24/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LATISHA SANDERS,

     Plaintiff,

 -against-

THE CITY OF NEW YORK, THE STATE OF
NEW YORK, THE UNITED STATES, JASON
SHEPPARD, ZINC TECH LAB, DR. AGLAE
CHARLOT, HAMMER, LIVEONNY,
CORRECTION OFFICER MORRIS,
BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER, MARGARET CHIN, 67TH
PRECINCT, NEW YORK POLICE
DEPARTMENT, OFFICE OF CHIEF MEDICAL
EXAMINER, DETECTIVE ORTIZ, ALTHEA
COGGINS, R.N., and SANDRA SICULAR,
M.D.,

     Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-6526 (CBA) (SJB)

**AMON, United States District Judge:**

  Following the death of her minor son, Cedric McEaddy ("McEaddy"), plaintiff Latisha Sanders ("Sanders"), proceeding pro se, commenced this action against LiveOnNY ("LiveOn"), an organ procurement organization ("OPO"), and the Office of the Chief Medical Examiner ("OCME"), among other parties, for allegedly interfering with her right of access to her son's body and illegally harvesting his organs. The only remaining defendant in this action is LiveOn, and the only remaining claim against LiveOn is for Sanders' loss of the right of sepulcher. On January 14, 2021, LiveOn moved for summary judgment on this sole claim pending against it. (ECF Docket Entry (D.E.) # 183.) The Court referred the motion to the Honorable Sanket J. Bulsara, U.S. Magistrate Judge, for Report and Recommendation. Magistrate Judge Bulsara issued a thorough and well-reasoned Report and Recommendation (the "R&R") on June 15, 2021, which recommended denying LiveOn's motion. (D.E. # 191.) LiveOn timely filed objections to certain

1

portions of the R&R. (D.E. # 192.) For the reasons set forth below, I find these objections unpersuasive and adopt the R&R. Accordingly, LiveOn's motion for summary judgment is denied.[1]

## BACKGROUND

The events underlying this lawsuit arise from the death of McEaddy, who suffered a gunshot wound on May 18, 2016. (D.E. # 191 at 7.) McEaddy was transported to the Emergency Department of Brookdale University Hospital and Medical Center ("Brookdale") and was pronounced dead at 12:33 AM. (Id.) Around 2:00 AM, Brookdale first reached out to LiveOn about McEaddy's potential candidacy for organ and/or tissue donation, but it did not give his name or other identifying information to enable LiveOn to move forward with the process. (Id. at 7–8.) After 6:00 AM, Brookdale contacted LiveOn again, this time providing McEaddy's name and relevant medical history, "so that LiveOn could begin to determine whether McEaddy was a candidate for tissue donation." (Id. at 8.) However, information about McEaddy's next of kin—including Sanders' contact information—was not given to LiveOn. (Id.)

Less than an hour later, LiveOn contacted the OCME around 6:45 AM, asking the office to place a "hold" on McEaddy's autopsy, and the OCME agreed to do so until 10:00 AM. (Id.) After it was unable to determine McEaddy's next of kin, LiveOn called the OCME again at 7:42 PM to release the "hold."[2] (Id.) The OCME performed an autopsy on McEaddy's body at around 8:00 AM the following day, May 20. (Id.)

---

[1] The R&R did, however, conclude that there was no genuine dispute of material fact and that LiveOn was entitled to judgment as a matter of law as to the following two theories of liability: (1) that LiveOn unlawfully harvested tissue or organs from the decedent; and (2) that LiveOn had a duty to notify Sanders of the death. (D.E. # 191 at 26–27.) Sanders has not filed any objections to these conclusions. I have reviewed these conclusions, and finding no error (clear or otherwise), adopt these findings and conclusions of the R&R.

[2] As will be discussed infra, LiveOn disputes that its hold lasted until 7:42 PM, though it does not dispute that it called to release its hold at that time.

Sanders alleges that she was "not permitted to identify her son's body (via photograph) until May 21," (id. at 9; see also D.E. # 54 ("Amended Complaint" or "Am. Compl.") ¶ 18), and she alleges that she was unable to view his body until a week later on May 28. (Am. Compl. ¶¶ 38–39.) Sanders further alleges that when she did finally see his body, it was mutilated such that it did not resemble the photograph she was given to identify the body. (D.E. # 191 at 9; Am. Compl. ¶¶ 40–41.) Sanders made multiple allegations against LiveOn,[3] but her remaining claim of relevance is that LiveOn violated her right of sepulcher by interfering with her access to her son's body. (D.E. # 181.)

## LEGAL STANDARDS

### I. Reviewing a Report and Recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. Id.; see also United States v. Romano, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent on the face of the record. John Hancock Life Ins. Co. v. Neuman, No. 15-CV-1358 (KAM)(RML), 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015).

### II. Summary Judgment Standard

---

[3] Sanders has also alleged that, LiveOn illegally harvested her son's organs (see D.E. # 181 at 30–31), but as discussed above, the R&R concluded that LiveOn was entitled to judgment as a matter of law on this claim, and I have chosen to adopt this finding, see supra note 1.

Summary judgment is appropriate if the pleadings and evidence that would be admissible at trial show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Fed. R. Civ. P. 56(c)(1)(B); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). The court's function is not to resolve disputed issues of fact nor to weigh evidence; rather, its role is "to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether the moving party has met its burden, the court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quoting Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004)). Nevertheless, "mere speculation and conjecture is insufficient to preclude the granting" of summary judgment. Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). Rather, "the non-moving party must 'set forth specific facts showing that there is a genuine issue for trial,'" providing evidence from which a reasonable inference in its favor may be drawn. Rubens v. Mason, 527 F.3d 252, 254 (2d Cir. 2008) (quoting Fed. R. Civ. P. 56(e)). A moving party is entitled to "judgment as a

matter of law" if it shows that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325.

## DISCUSSION

### I. Unopposed Recommendation—Immunity

LiveOn did not offer any objections to the R&R's conclusion that LiveOn is not entitled to immunity. I have reviewed this unopposed portion of the R&R, and, finding no clear error, adopt this finding and recommendation pursuant to 28 U.S.C. § 636(b)(1).

### II. Defendant's Objections

LiveOn does, however, raise several objections concerning the R&R's legal analyses, record interpretation, and conclusions of law. For one, LiveOn argues that the R&R wrongly concluded that possession of the decedent's body is not required for establishing a violation of the right of sepulcher. Additionally, LiveOn challenges the R&R's conclusion that there is a genuine dispute of fact as to the elements of Plaintiff's claims concerning inference and causation. As part of this argument, LiveOn asserts that the R&R erred in concluding that there are triable issues with regards to whether LiveOn's administrative hold could have interfered with Plaintiff's access to her son's body and whether LiveOn's hold was in place through 7:42 PM on May 19. Further, LiveOn argues that the R&R misconstrued the parties' evidentiary burdens regarding demonstrating proximate cause—or absence thereof—at the summary judgment stage. I have

reviewed these objections and the portions of the R&R to which they relate de novo. I reject these objections and adopt the R&R.

### A. Whether Possession is a Necessary Condition of Liability

As explained by New York courts:

> The common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent's body for preservation and burial or other disposition of the remains, and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body. If a violation of the right of sepulcher is established, the next of kin may be compensated for the emotional suffering and mental anguish which they experienced as a result. In order to recover for such emotional injuries, it must be shown that the injuries were "the natural and proximate consequence of some wrongful act or neglect on the part of the one sought to be charged."

Mack v. Brown, 82 A.D.3d 133, 137–38 (2011) (internal citations omitted) (quoting Stahl v. William Necker, Inc., 184 A.D. 85, 92 (1918)).

As the R&R did, I reject Defendant's contention that it cannot be liable as a matter of law because it did not possess the decedent's body. For one, nothing in the element of the offense that a defendant "unlawfully interferes with" the next of kin's right to immediate possession of the body requires or implies that a defendant must necessarily possess the body. Additionally, the R&R canvased relevant state court decisions and addressed those decisions raised by Defendant in support of this purported rule.[4] The R&R correctly determined that the case law neither suggests

---

[4] In its objections, Defendant implicitly acknowledges that liability by no means depends on possession of the body. For example, in Rugova v. City of New York, 132 A.D.3d 220 (2015), the defendants' liability was based on their failure to properly inform the next of kin, which delayed the family's access to the body, id. at 227–28, 230–31; possession of the body, or lack thereof, was irrelevant to the court's analysis. In its objections, LiveOn argues that the defendants in Rugova had possession of the body because they "controlled" and "possessed" the accident scene, which, initially, included the body. (D.E. # 192 at 14.) However, not only does Defendant's argument rely on an unreasonably expansive definition of "possession," the holding is clear that the Rugova defendants could be liable if the "delay in informing the next of kin that they could take possession of decedent's remains caused any interference with the family's burial rights," Rugova, 132 A.D.3d at 231, because "failure to notify the next of kin of the death" can constitute "interference" in the right of sepulcher context, id. at 230 (quoting Melfi v. Mount Sinai Hosp., 64 A.D.3d 26, 39 (2009)).

nor holds that a defendant must possess a body to be liable. Liability turns on unlawful interference, and proximate cause may be found absent actual possession of the body.

B. <u>Genuine Issues of Material Fact</u>

LiveOn argues that the R&R erred in concluding that there were remaining questions of fact as to whether it had in any way interfered with Sanders' right of sepulcher. Specifically, LiveOn challenges the R&R's conclusion that there were triable issues with regards to (1) whether there was a hold in place until 7:42 PM and (2) whether LiveOn's administrative hold interfered with Plaintiff's right of sepulcher. Furthermore, LiveOn argues that the R&R misapplied the parties' burdens and, in doing so, wrongly determined there was a triable issue as to proximate cause.

LiveOn's first challenge can be easily rejected. As the R&R correctly pointed out, LiveOn's own witness, Kristin Delli Carpini, the director of performance and compliance, stated, "[T]he notes I do have says [the body] was released at 7:42 P.M.," (D.E. # 183-8 at 111: 12–13), and confirmed again later on in her deposition that, based on her review, she assumed there was a hold in place until 7:42 PM, (<u>id.</u> at 134: 8–10). At the very least, Carpini's testimony provides evidence for Plaintiff's claim that LiveOn's hold lasted well beyond 10:00 AM and undermines Defendant's objection that there was no evidence to support the claim that the hold was in place until 7:42 PM.

With regard to its claim that it in no way interfered with Plaintiff's right of sepulcher, LiveOn points to various evidentiary submissions that do tend to suggest that LiveOn's hold was not responsible for the delay in the OCME's autopsy and Plaintiff's access to the body. Contrary to LiveOn's suggestion, the R&R carefully considered these facts weighing in favor of LiveOn. The R&R correctly concluded, however, that there was also sufficient evidence in the record to

raise a triable issue of fact as to the effect LiveOn's hold had on causing unlawful interference. (See e.g., D.E. # 191 at 19–21, 26.)

LiveOn further objects to this conclusion, arguing that the R&R misinterprets the record evidence or reads it out of context such that the evidence was skewed in favor of liability. The R&R does no such thing. Case in point, in its objections, LiveOn directs the court to specific sections of Carpini's testimony in support of its argument that its hold did not interfere with the Plaintiff's right of sepulcher. (D.E. # 192 at 7.) But that is not the full picture. As the R&R pointed out, Carpini also stated, "Our hold is to keep the process of the autopsy and funeral proceedings from starting so that we can preserve the opportunity to donate," (D.E. # 183-8 at 135: 10–12), among other remarks that supported the claim that LiveOn's hold contributed to delays in Plaintiff's access to her son's body. As the R&R correctly noted, Carpini's testimony "suggests that the 'hold' may have prevented the OCME from taking any action with respect to McEaddy's body (including beginning the autopsy) . . . . If that was the case, it is plausible that LiveOn's hold caused a 13-hour delay in the autopsy, and, ultimately, Sanders' possession of her son's body." (D.E. # 191 at 21.) The R&R properly considered all the material evidence in the context of the whole record and drew reasonable inferences from the evidence in favor of the Plaintiff, the nonmoving party, as courts are required to do at summary judgment. In so doing, the R&R correctly determined that there were also sufficient facts favoring liability from which a reasonable jury could draw an inference in favor of the Plaintiff.

LiveOn also implicitly argues that the evidence in favor of liability is too scant to permit any conclusion other than judgment as a matter of law in favor of LiveOn. (D.E. # 192 at 11.) True, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat summary judgment. Anderson, 477 U.S. at 252. However, as discussed

earlier, the R&R correctly identified hard evidence in the record that exceeds that threshold, while also noting Defendant's evidence that tended to undermine Plaintiff's evidence. It is not the court's role to weigh the evidence, and the R&R correctly determined that the evidence was not "so one-sided" that LiveOn must prevail as a matter of law. Id.

Finally, LiveOn faults the R&R for misapplying the summary judgment standard, claiming that this error led the R&R to wrongly reject LiveOn's argument that there was no evidence it proximately caused the delay in Sanders' access to her son's body. LiveOn points to the R&R's determination that "the Court lacks any evidence to conclude, as a matter of law, that the OCME's delay was unrelated to LiveOn's hold." (D.E. # 192 at 10 (quoting D.E. # 191 at 24).) LiveOn asserts that because the R&R cited a state court decision, Green v. Iacovangelo, 184 A.D.3d 1198, 1201 (2020), the R&R erroneously applied New York's summary judgment burden-shifting rules, rather than the standards required in federal courts. (Id.) I reject its contention that the R&R erroneously applied a state standard instead of the appropriate federal one. Granted, as the movant, LiveOn does not have the initial burden to introduce evidence that would tend to negate its liability; rather, LiveOn can discharge its burden by showing that "there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325. However, as LiveOn, itself, notes, "the question here is whether there are [sic] any 'genuine dispute as to any material fact.'" (D.E. # 192 at 11 (quoting Fed. R. Civ. Pr. 56(a)). Based on the record, I must answer that question in the affirmative.

The R&R concluded that there was sufficient evidence supporting Plaintiff's claim, as well as some evidence supporting LiveOn's contention that it was not causally responsible for the interference. In other words, LiveOn has failed to show the absence of a genuine dispute of fact. In turn, Plaintiff has successfully set forth specific facts showing that there is a genuine issue for

trial. LiveOn attempted to undermine that conclusion by suggesting that its hold could not have affected Plaintiff's right to access the body in the period after its hold expired and by suggesting a hypothetical counterfactual: if its hold were not placed, the interference Plaintiff experienced would have been the same. (D.E. # 183-11 at 15–16.) The R&R rejected these arguments because it found there was sufficient evidence in the actual, not hypothetical, record from which a reasonable jury could determine that LiveOn's hold did cause or contribute to an unlawful interference. (D.E. # 191 at 24–25.) Because a moving party is entitled to "judgment as a matter of law" when the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, LiveOn conceivably could have been entitled to judgment as a matter of law if some unproduced evidence conclusively rebutted Plaintiff's evidence which, on the actual record, was sufficient to preclude summary judgment. Celotex Corp., 477 U.S. at 325. But there was no such evidence, and that is all the R&R correctly observed.

## CONCLUSION

For the foregoing reasons, LiveOn's objections are rejected, and the R&R is adopted in its entirety. Accordingly, LiveOn's motion for summary judgment is denied.

The Clerk of Court is respectfully directed to mail of copy of this decision to the pro se Plaintiff.

SO ORDERED.

Dated: September 24, 2021
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge