UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Latisha M. Sanders, | 1:16-cv-06526(CBA)(SJB) |
| Plaintiff, | U.S. District Judge<br>Carol Bagley Amon |
| v. | |
| | U.S. Magistrate Judge<br>Sanket J. Bulsara |
| The City of New York, The State of New York, The United States, Fairhaven Memorial Chapel, Dr. Aglae Charlot, Chief Ms. Hammer, LiveOn New York, Correction Officer Morris, Brookdale University Hospital, Margaret Chin, 67th Precinct, New York Police Department | |
| Defendants. | |

| | |
|---|---|
| *Plaintiff, pro se*<br>Latisha Sanders<br>715 N. Broad Street<br>Philadelphia, PA 19123<br>SandersLatisha336@gmail.com | *Attorneys for defendant LiveOnNY*<br>Wilson Elser Moskowitz Edelman &<br>Dicker, LLP<br>Judy C. Selmeci (JS 3915)<br>Gillian A. Fisher (GF 9211)<br>150 East 42nd Street<br>New York, New York 10017-5639<br>(212) 490-3000<br>Judy.Selmeci@WilsonElser.com<br>Gillian.Fisher@WilsonElser.com<br>File No. 12946.00010 |

**OBJECTIONS OF DEFENDANT LIVEONNY
TO MAGISTRATE JUDGE BULSARA DENYING ITS
MOTION TO UNSEAL AND DISCLOSE SETTLEMENT AMOUNTS**

Pursuant to Rule 72(a) and 28 USC 636(b)(1)(A), defendant LiveOnNY submits these objections to Magistrate Judge Bulsara's order denying its motion to disclose the (former) co-defendants' settlement amounts to effectuate a setoff. The application at issue was made pursuant to instructions from Magistrate Judge Bulsara, who directed LiveOnNY to forgo any pre-trial requests (which would have satisfied Local Rule 37.3) and make the application at issue instead.

## The Order at Issue

The underlying order at issue (PACER doc. # 202, issued January 24, 2022) held, inter alia, that because LiveOnNY did not request disclosure of settlement amounts during discovery, it was precluded from doing so now, when discovery has closed. The order also appeared to state, arguably in dicta, that LiveOnNY may not be entitled to apportionment against the former co-defendants.

The order at issue specifically held that LiveOnNY's "motion is one for discovery." (Jan. 24 order at pg. 3). This was contrary to law. Settlement amounts sought for the purpose of a NY GOL 15-108 setoff are not the proper subject of discovery demands. *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (EDNY 1982) (holding that "[t]he amount of the settlement [sought to effectuate GOL 15-108] is not relevant to any issue in this case" during discovery.)

Consequently, LiveOnNY objects to Magistrate Judge Bulsara's January 24, 2022 order and states, in support of its objection, as follows:

## Case Background

This case arises out of the death of plaintiff's son and is for loss of sepulcher. The plaintiff's theory is that her viewing and possession of her son's body was wrongfully delayed due to LiveOnNY's request for an administrative hold on the body. The hold had been requested from (and granted by) the (former co-defendant) Medical Examiner's Office and related to the transfer of the body from (former co-defendant) Brookdale Hospital for autopsy. The hold was requested pending LiveOnNY's attempt to identify next of kin, to ascertain whether they would consent to an anatomical gift. Ultimately, no donation occurred because LiveOnNY did not identify any next of kin.

## The Co-Defendants' Settlements

Several co-defendants, including Brookdale Hospital, the Medical Examiner and Fairhaven Funeral Home, have settled with the plaintiff. The settlements occurred during discovery. LiveOnNY made no discovery demand for any materials related to the co-defendants' settlements. In the application for that disclosure, leading to the order at issue, LiveOnNY requested that the settlement sums be disclosed now, or upon a plaintiff's verdict.

The plaintiff did not oppose LiveOnNY's application (but also did not disclose the settlement amounts).

## I. Standard of review.

Pursuant to Rule 72(a) and 28 USC §636(b)(1)(A), upon a timely objection, this court is required to modify or set aside any portion of a magistrate judge's non-dispositive pretrial order which it determines to be "clearly erroneous or contrary to law."

"An order is clearly erroneous if 'on the entire evidence the Court is left with the definite and firm conviction that a mistake has been committed.'" *Morales v. United States*, 2020 US Dist LEXIS 216777, at *4-6, 18-CV-4247 (EDNY Nov. 19, 2020) (CBA) (RER), quoting *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (EDNY 2010) (internal quotation marks and citation omitted). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure'." *Morales*, 2020 US Dist LEXIS 216777 at *4-6, citing *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (SDNY 2001) (internal quotation omitted).

## II. The Applicable Law Re: NY GOL 15-108.

When a plaintiff's claim sounds in tort under New York common law, federal courts hearing the claim must apply applicable state substantive law, including New York's setoff rule which is codified at GOL 15-108[1]. *King County v. IKB Deutsche Industriebank AG*, 2012 US Dist LEXIS 116583, *6, 09-cv-8387 (SAS) (SDNY, August 17, 2012) (holding that "[t]he apportionment of damages in common law fraud suits is governed by New York's General Obligation Law" pursuant to which "when plaintiffs settle with some (but not all) defendants, the settlement reduces the amount that a plaintiff may recover for the same tort from the non-settling defendants.") Specifically, under GOL 15-108 the non-settling defendant's liability is offset "to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages." *King County*, 2012 US Dist LEXIS 116583 at *6.

---

[1] As is relevant here, New York's GOL 15-108 provides that
> When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

4

### III. Settlement Amounts Sought for GOL 15-108 Purposes are Not Subject to Discovery.

In this Circuit, whether a settlement is subject to discovery depends on the purpose for which the settlement documents are sought. Where they are sought to further a substantive theory of the case or defense, they are "relevant" within the meaning of Rule 26 and a demand for their discovery will be sustained. See, *e.g. Morrison v. Langrick*, 2020 US Dist LEXIS 56305 at *10-12, 18-CV-06127 (CBA) (RML) (EDNY Mar. 31, 2020) (holding that a prior settlement sought in discovery to further a substantive theory of the case – not for purposes of effectuating a GOL 15-108 or similar setoff – is discoverable).

Where settlement information is sought to effectuate a post-verdict setoff, however, the settlement is not "relevant" for purposes of Rule 26 until such time (if at all) that a plaintiff's verdict is reached and the court is called upon to make its mechanical and mathematical calculation of the non-settling defendant's liability amount. *Bottaro*, 96 F.R.D. at 160; *King County*, 2012 US Dist LEXIS 116583 at *6 (holding that the defendants were not entitled to disclosure during discovery of the co-defendants' settlements because they could assert their GOL 15-108 affirmative defense without knowing the settlement amounts which, in turn, would only become relevant later in the case).

5

In *Bottaro* the District Court denied the non-settling defendants' request to obtain settlement documents during Rule 26 discovery.[2] Although *Bottaro* was litigated prior to the 2015 amendment to Rule 26, the relevant aspects of the court's reasoning do not turn on the now-eliminated standard of whether the materials sought were "reasonably calculated to lead to admissible evidence." The *Bottaro* defendants seeking discovery made two separate and distinct arguments in favor of disclosure. First, the defendants attempted to establish that the settlement documents may result, ultimately, in some admissible evidence coming into their possession. The court rejected this argument, under the then-existing Rule 26 standard.

The second of the *Bottaro* defendants' arguments is what is relevant to the analysis here. The *Bottaro* defendants argued that disclosure of the settlement documents was necessary for it to become possible to ascertain whether a former co-defendant remained liable in contribution. That is, as the court observed, since

---

[2] *Bottaro* dates to the time when there was also debate in this Circuit (and others) about whether settlement documents required a "particularized showing" to be discoverable. Given the subsequent clarification of this standard, the portion of *Bottaro* that discusses and applies the "particularized" standard is no longer good authority. *Rates Tech. Inc. v. Cablevision Sys. Corp.*, 2006 US Dist LEXIS 76595, at *3 fn.3, 05-CV-3583 (EDNY Oct. 20 2006) (holding that "[t]o the extent the Botarro [sic] court may have applied a heightened standard to the discoverability of settlement agreements by requiring a 'particularized showing of a likelihood that admissible evidence will be generated,' this result is contrary to Rule 26.") This aspect of the *Bottaro* case is not implicated in the analysis here, however. *Bottaro* remains good law for the proposition for which it is cited here in that it holds that (regardless of whether a particularized showing is made), settlement documents sought to be obtained for the purpose of effectuating GOL 15-108 do not meet the Rule 26 relevancy requirement at all.

6

"a settling defendant's liability for contribution depends on whether he paid his share of any damage award," they should be permitted to discover the terms of the settlement. *Bottaro*, 96 FRD at 160. Critically, it is a function of GOL 15-108 that a "settling" tortfeasor (as opposed to a defendant discontinued without any payment in settlement) cannot be held liable in contribution to the remaining defendants, regardless of the jury's apportionment of fault between discontinued and remaining defendants.

The *Bottaro* court held that "this determination [about the settling co-defendant's potential liability in contribution] cannot be made until a final judgment has been rendered." *Bottaro*, 96 F.R.D. at 160. This is to say that despite the parties' awareness that GOL 15-108 could alter the defendants' liability after the verdict was rendered, the defendants were not entitled to settlement information during discovery.

The court observed further that "[e]ven then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform. Hence, *the amount of the settlement is not relevant to any issue in this case at this time*." 96 F.R.D. at 160. Given this determination, the settlement was held to be not subject to discovery. *Id.*; see also *ABF Capital Mgt. v. Askin Capital Mgt.*, 2000 US Dist LEXIS 3633, at *12, 96 Civ. 2978 (RWS) (SDNY Feb. 8,

7

2000) (holding that "[the defendant] certainly may be entitled to the information it seeks after trial, but Section 15-108 does not entitle it to that information today [during discovery and prior to trial]"), citing *Bottaro*.

District Courts in other Circuits have come to the same conclusion. See *Pier View Condominium Assn. v. Johns Manville*, 2019 US Dist LEXIS 241135, at *17, 2:18-cv-00022-BHH (DSC Nov. 15, 2019) (holding, under the current Rule 26 standard, that "the Agreements as they pertain to a setoff simply are not relevant at this [discovery] juncture of the lawsuit"), citing *Bottaro; see also Wisconsin Elec. Power Co. v. N. Assur. Co. of Am.*, 2007 US Dist LEXIS 80665, at *2, 07-C-277-S (JCS) (WD Wis Oct. 31, 2007) (holding that "the better reasoned result is to deny discovery of such confidential settlements at this time, at least until the issues of insurers liability have been resolved" and that "even then the settlement will not be relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform"), quoting *Bottaro*; *Polston v. Eli Lilly & Co.*, 2010 US Dist LEXIS 74720, at *6, 3:08-3639 (JFA) (DSC July 23, 2010) (denying the defendant's motion to compel compliance with a subpoena seeking a settlement agreement to effectuate 15-38-50 of the South Carolina Code – S. Carolina's version of NY GOL 15-108 – because "[the setoff provision] should apply automatically as a credit, but only against a judgment" therefore "there is no reason, for the purposes

8

of the section, to order the disclosure of the amount of the credit until a verdict finding liability … has been reached"), citing *Bottaro*.

Notably, Magistrate Judge Bulsara himself has cited *Bottaro* for this very proposition of law. *Powell v. Allied Universal Sec. Servs.*, 2018 US Dist LEXIS 224909, at *6-7, No. 17-CV-6133 (ARR) (SJB) (EDNY Aug. 9, 2018). In *Powell*, Magistrate Judge Bulsara explained that "[t]he current Rule [26] requires that the discovery sought be 'relevant to any party's claim or defense'." *Id*. The court went on to observe that this standard is "narrower than the pre-2015 standard." *Id*. Thus, the court went on to note that "even if a request for settlement agreements should be treated like all other discovery requests, Plaintiffs must still demonstrate under the current Rule 26 that the documents are relevant." *Id*., citing Rule 26 and *King County*, 2012 US Dist LEXIS at 116583. In *Powell*, Judge Bulsara rejected the argument made in support of the discoverability of the settlement agreements, citing, inter alia, to *Bottaro* and quoting the portion of its language which held that the "amount of the settlement [was] not relevant to any issue in this case at this time." 2018 US Dist LEXIS 224909, at *7, quoting *Bottaro*.

By way of contrast, in *Powell* the court also cited *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2016 US Dist LEXIS 121215, 12-CV-6383 (JFB) (AKT) (E.D.N.Y. Sept. 7, 2016) for the proposition that Rule 26 disclosure of a prior settlement may be had where "the amount of any offset / recoupment bears

9

directly on the amount of damages Plaintiff is claiming … and is thus relevant to the claims and defenses being asserted." 2018 US Dist LEXIS 224909, at *7, quoting 2016 US Dist LEXIS 121215 at 7.

The key difference between *Bottaro* and *Sky Med. Supply* is the nature of the defendant's intended use of the "offset." While in *Bottaro* disclosure of the settlement amounts during discovery was denied as being sought solely to effectuate a setoff of the plaintiff's full damages amount, in *Sky Med. Supply Inc.* the settlement amounts were sought in connection with a recoupment defense. This is to say that while in *Bottaro* (as here) the full measure of the plaintiff's damages was going to be assessed by the fact-finder and only after its verdict would the court engage in the mechanical task of effectuating the offset, in *Sky Med Supply Inc.* the measure of the plaintiff's damages itself turned on how much of its losses the plaintiff had already been able to recoup. In *Sky Med Supply Inc.* that was going to be an issue for the fact-finder. Here (and in *Bottaro*) it is not. This is why the settlements were properly subject to discovery in *Sky Med Supply Inc.* but were not subject to discovery in *Bottaro*. And why they could not have been subject to discovery here as a matter of law.

Since LiveOnNY had no grounds on which to request the settlement amounts during discovery, it is contrary to law to hold, as the order at issue does, that it is precluded from seeking those amounts now or after a plaintiff's verdict.

10

## IV. It was Contrary to Law to Deny LiveOnNY's Request for the Settlement Amounts.

--- *NY GOL 15-108 Applies*

The order at issue does concede that NY GOL 15-108 applies in this case. This is correct because the settling co-defendants were alleged to be (a) tortfeasors and (b) liable for the same injury (to wit, the plaintiff's emotional damages resulting from the alleged interference with the right of sepulcher). *Koch v. Greenberg*, 14 F.Supp.3d 247, 270, 07-cv-9600 (JPO) (Oetken, J., U.S.D.J., S.D.N.Y, March 31, 2014) (holding that "nothing in section 15-108 requires that the two defendants be liable upon the same theory" and that "[a]ll that is required is that they be subject to liability for damages for the same injury"), citing *Roma v. Buffalo Gen. Hosp.*, 103 A.D.2d 606, 608 (N.Y. 3d Dep't 1984) (internal quotation marks omitted), *aff'd* 626 Fed.Appx. 335 (unpublished). Here, as in *Koch* the plaintiff's damages claim is for the single harm caused by the alleged wrongdoings of the various defendants resulting in the alleged interference with the right to sepulcher. After the defendants' respective share of the fault is determined at trial, the GOL's setoff rules will thus apply.

Notably, the set-off amount does not turn on any allocation of the settlement sums by the settling parties as between the plaintiff's various theories of the case. This is to say that, even if it were the case that the settling parties allocated the settlement funds to one cause of action and not another, that allocation would have

11

no bearing on the setoff amount to which the non-settling tortfeasor is entitled. *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326 (2d Cir. 1987).

*--- The Settlement Sums are Properly Demanded for Trial and not Discovery*

While settlement documents *can* be the proper subject of discovery in certain cases, here, they were not. This is because LiveOnNY's only claim of entitlement to know the amount of the settlements is based in NY GOL 15-108. It is for this reason that LiveOnNY's request is tailored narrowly and requests documents *only* for purposes of knowing the *amounts* of the settlement (as opposed to, say, requesting the entirety of each former co-defendant's closing papers).

So whether it be for assessing potential exposure for settlement purposes now (which is the context in which this issue arose before Magistrate Judge Bulsara) or, ultimately and upon the eventuality of a plaintiff's verdict, for the purpose of calculating its liability amount, it is only pursuant to NY GOL 15-108 that LiveOnNY seeks to know the settlement amounts. Under such circumstances not only is it appropriate for LiveOnNY to request the settlement sums closer to trial but it would have been *inappropriate* for it to request them during discovery.

**V.   LiveOnNY is Entitled to Apportionment.**

The order at issue states that LiveOnNY's request for post-trial disclosure of the settlement amounts should be directed to this District court but goes on to state that "two issues are worth noting." (Jan. 24 order at pg. 4.). The first of these issues

12

relates to apportionment and includes the notes that "[b]y waiting until after a verdict, LiveOn[NY] potentially forfeits the ability obtain any setoff, since there is no factfinder to determine the culpability of the settling parties." The order notes *Whalen v. Kawasaki Motors Corp.*, 92 N.Y.2d 288 (NY 1998) where the Court of Appeals held that if a defendant did not at trial seek apportionment against a settling former co-defendant, it would be entitled to an offset under GOL 15-108 only for the amount of money stipulated or paid by the co-defendant and not for its equitable share of fault (since the latter had not been ascertained).

LiveOnNY can seek apportionment against the settling co-defendants (which apportionment will enable it to all effectuate each alternatives for a setoff under GOL 15-108). In the portion of the order not at issue here, Magistrate Judge Bulsara permitted LiveOnNY to amend its answer such that its affirmative defense on this point now states that "[t]he plaintiff's recovery is subject to setoff pursuant to N.Y. GOL 15-108 after apportionment under New York's Civil Practice Law and Rules for any settlement amounts paid by co-tortfeasors." As such LiveOnNY preserved its right to apportionment and, upon that apportionment, a setoff under GOL 15-108. Thus, to the extent that amendment of the answer did not obviate the aspect of the order at issue that related to apportionment and to the extent that language is deemed to be part of the order (rather than dicta), LiveOnNY further objects for the reasons stated.

13

Wherefore, defendant LiveOnNY respectfully submits that the order denying its motion for disclosure of the former co-defendants' settlement amounts for the purposes of effectuating its right to a setoff under NY GOL 15-108 was contrary to law. (ECF No. 173). Accordingly, LiveOnNY respectfully requests that the order be set aside and that the plaintiff be directed to disclose the settlement amounts either now or at the conclusion of trial, in the event of a plaintiff's verdict.

Dated: New York, New York
February 7, 2022

Respectfully submitted,

Wilson, Elser, Moskowitz,
Edelman & Dicker LLP

By: _____
Judy C. Selmeci (JS3915)
*Attorneys for defendant LiveOnNY*
150 East 42nd Street
New York, NY 10017
Tel: (212) 490-3000
Fax: (212) 490-3038
Judy.Selmeci@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and paper copies by first class and certified mail, return receipt requested will be sent to the plaintiff pro se on February 7, 2022 as follows:

Latisha Sanders
Plaintiff, pro se
715 N. Broad Street
Philadelphia, PA 19123

_____
Judy C. Selmeci

14

SANDERS-12946.00010.SELMECI.DENISE

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Deona Leviner, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides the County of Kings.

That on the 7th day of February 2022 deponent served the within **OBJECTIONS OF DEFENDANT LIVEONNY TO MAGISTRATE JUDGE BULSARA DENYING ITS MOTION TO UNSEAL AND DISCLOSE SETTLEMENT AMOUNTS** upon:

**Via First Class Mail –and First Class Mail -Certified Mail -RRR**

Latisha Sanders
Plaintiff, pro se
715 N. Broad Street
Philadelphia, PA 19123

Certified Article Number
9414 7266 9904 2187 5817 97
SENDER'S RECORD

at the address (es) designated by said attorney (s) for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Deona Leviner

Sworn to before me this
____ day of February 2022

_____
Notary Public

Lisa M. Allen
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AL6301012
Qualified in New York County
Commission Expires May 29, 20__

265681989v.1

Case No. 1:16-cv-06526(CBA)(SJB)　　　　　　　　　　　　　　　　Judy C. Selmeci
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　12946.00010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

LATISHA M. SANDERS,

　　　　　　　　　　　　　　　　　Plaintiff,

　　　　　　　　-against-

THE CITY OF NEW YORK, THE STATE OF YORK, THE UNITED STATES, FAIRHAVEN MEMORIAL CHAPEL, DR. AGLAE CHARLOT, CHIEF MS. HAMMER, LIVEON NEW YORK, CORRECTION OFFICER MORRIS, BROOKDALE UNIVERSITY HOSPITAL, MARGARET CHIN, 67TH PRECINCT, NEW YORK POLICE DEPARTMENT,

　　　　　　　　　　　　　　　　　Defendants.

**OBJECTIONS OF DEFENDANT LIVEONNY
TO MAGISTRATE JUDGE BULSARA DENYING ITS
MOTION TO UNSEAL AND DISCLOSE SETTLEMENT AMOUNTS**

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Attorneys For*　　**Defendant LiveOnNY**

150 East 42nd Street
New York, NY  10017-5639
212.490.3000

9212083v.1